ERNESTO FERNANDO SCHLÜTER, demandante y apelado *v.* GUSTAVO MUÑOZ DÍAZ e INOCENCIA RENÉ, demandados y apelantes.

No. 5531.—*Sometido:* Abril 26, 1932. *Resuelto:* Mayo 6, 1932.

*L. Llorens Torres* y *González Fagundo & González Jr.,* abogados de los apelantes; *E. Campos del Toro,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

Ernesto Fernando Schlüter comenzó un procedimiento ejecutivo hipotecario en 19 de julio de 1929 contra el Dr. Gustavo Muñoz Díaz y su esposa para cobrar cierta cantidad garantizada con hipoteca, y después de hecho el requerimiento de pago el 8 de agosto siguiente a los deudores, éstos presentaron moción a la corte alegando varios motivos para que por falta de jurisdicción anulase el procedimiento y para

que mientras resolviera esa cuestión paralizara los procedimientos y dejase sin efecto el señalamiento hecho para la subasta de los bienes hipotecados. Tres días después de ser presentada esa moción el ejecutante y los ejecutados presentaron de común acuerdo moción a la corte para que desestimase la anterior moción, haciendo constar en ella que el demandante concedía de plazo hasta el 30 de junio de 1930 a los demandados para que pagasen el crédito reclamado, siendo convenido además que llegado ese día sin que los demandados hubiesen pagado al demandante, éste procedería a pedir la venta en pública subasta de las fincas hipotecadas. La corte aprobó ese convenio y en su consecuencia desestimó la moción que habían presentado los demandados y ordenó la suspensión de la subasta que estaba señalada para el 22 de mayo de 1930.

■■ El 22 de agosto de 1930, después de expirada la prórroga para el pago que el demandante concedió a los demandados y cinco días antes del señalado por segunda vez para la subasta, los demandados presentaron moción a la corte para que suspendiera la subasta que había sido señalada para el 27 de dicho mes y año, para que ordenase la suspensión del procedimiento ejecutivo hipotecario y para que decretase su archivo con costas al demandante, alegando para ello que por haber quedado paralizado el procedimiento por la prórroga concedida era necesario un nuevo requerimiento de pago y debía presentarse una nueva certificación del registro de la propiedad en la forma que dispone el artículo 172 del Reglamento hipotecario, que el requerimiento de pago hecho anteriormente es nulo por haberse exigido el pago de cierta cantidad para costas y honorarios de abogado sin haber recaído sobre ellos resolución judicial, y que la nueva orden señalando el 27 de agosto para la subasta ha sido apelada por los demandados. Se opuso el ejecutante a esas peticiones y la corte declaró sin lugar las peticiones de los demandados en 1 de noviembre de 1930 y ordenó la continuación del procedimiento. Tal es la resolución que

fué apelada por los demandados en 10 de noviembre de 1930, sin que conste de la transcripción que tenemos ante nosotros si la subasta fué celebrada el 27 de agosto o si fué suspendida por no estar resuelta entonces la moción de los demandados.

La pretensión de los apelantes en la corte inferior y en esta apelación es que por haber concedido el ejecutante después de iniciado su procedimiento ejecutivo hipotecario y de requeridos los deudores para el pago una prórroga hasta el 30 de junio de 1930 para que solventasen su deuda y que si no la satisfacían en esa fecha el acreedor procedería a pedir la venta en pública subasta de las fincas hipotecadas, existió una novación por la cual hasta el 30 de junio de 1930 no estaba vencida la deuda y que por esto debían archivarse dichas actuaciones y establecerse otra nueva después de vencida la obligación en 30 de junio de 1930 si en esa fecha no se había pagado y se quería cobrar judicialmente. Ni esa cuestión ni los otros motivos alegados por los apelantes en la moción cuya negativa por la corte motiva esta apelación podían ser alegados por los demandados en un procedimiento ejecutivo hipotecario, pues el artículo 175 del Reglamento hipotecario dice que los procedimientos sumarios para el cobro de hipotecas no podrán suspenderse por medio de incidentes ni por otro alguno, a instancia del deudor, del tercer poseedor ni de ningún otro que se presente como interesado salvo en los tres casos que menciona, en ninguno de los cuales se encuentra la pretensión de los apelantes, y que las demás reclamaciones que puedan formular, así el deudor como los terceros poseedores y los demás interesados, incluso las que versaren sobre nulidad del título o de las actuaciones, o sobre vencimiento, certeza, extensión o cuantía de la deuda, se ventilarán en el juicio plenario que corresponda, sin producir nunca el efecto de suspender ni entorpecer el procedimiento ejecutivo. Por consiguiente, procedió correctamente la corte inferior al negarse a lo solicitado por los apelados *y la resolución apelada debe ser confirmada.*

El Juez Asociado Señor Hutchison está conforme con el resultado.